UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

BENNIE U. STAFFORD,                                    Civil No. 06-4957 (JRT/AJB)

        Petitioner,

    v.                                                    **REPORT AND RECOMMENDATION**

THE MINNESOTA DEPARTMENT OF
CORRECTIONS, ET AL., JOAN FABIAN,
LYNN DINGLE, JEFF PETERSON, and
MINN. STATE LEGISLATURES, ET AL.,

        Respondents.

_____

The above-named Petitioner commenced this action by filing a self-styled pleading entitled "Emergency Petition For Writ Of Mandamus – 28 U.S.C. §§ 1651(a), 1361, F.R.Civ.P. 81(b)." (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be DISMISSED WITHOUT PREJUDICE.

The Court reviewed Petitioner's initial pleading shortly after this action was commenced, and noted that Petitioner appears to be challenging the validity of his current confinement as a state prison inmate. Such challenges, however, can be brought only by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Heck v. Humphrey, 512 U.S. 477, 481 (1994). Therefore, by order dated January 3, 2007, (Docket No. 5), the Court struck Petitioner's original pleading, and directed him to file an entirely new pleading, namely a § 2254 habeas corpus petition. That prior order clearly informed Petitioner that if he did not file a habeas corpus petition within thirty (30) days, he would be deemed to have abandoned this matter, and the Court would recommend that this action be summarily

dismissed pursuant to Fed. R. Civ. P. 41(b).

The deadline for filing a habeas corpus petition has now expired, and Petitioner has not filed any new pleading.  Indeed, the Court has received no communication of any kind from Petitioner since he commenced this action.  Therefore, it is now recommended, in accordance with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed due to abandonment, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 3), be summarily denied as moot.

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application to proceed in forma pauperis, (Docket No. 3), be denied as moot; and

2.  This action be summarily dismissed without prejudice.

Dated: February 6, 2007

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 21, 2007.